UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| DARRELL C. WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.   1:07-cv-18/1:07-cv-45 |
| | ) | *Chief Judge Curtis L. Collier* |
| TYRONE RANSOM | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

The court is in receipt of two unsigned *pro se* civil rights complaints filed by Darrell C. Williams ("Williams") pursuant to 42 U.S.C. § 1983.  Williams' initial § 1983 complaint was opened as Civil Action Number 1:07-cv-18.  At that time, Williams had failed to file either the $350.00 filing fee or a complete *in forma pauperis* application.  In addition, Williams also had failed to file a complete § 1983 complaint.  Thus, the Court directed Williams to pay the full filing fee or file a complete application to proceed *in forma pauperis*.  In addition, the Court directed Williams to file a complete complaint.  Specifically, the Court directed Williams to identify the relief he wished to seek and, as required by Rule 11(a) of the Federal Rules of Civil Procedure, to sign the complaint.

In partial compliance with the Court's order, Williams subsequently filed a second § 1983 complaint and an application to proceed *in forma pauperis*.  However, rather than filing the documents in his pending case as an amended § 1983 complaint and an amended application to proceed *in forma pauperis*, in Civil Action Number 1:07-cv-18, the complaint and application, which made no reference to Williams' pending case, were opened as a new case, Civil Action Number 1:07-cv-45.

Pursuant to FED. R. CIV. P. 42(a) the District Court is afforded discretion concerning the purposes and scope of consolidation.  Therefore, pursuant to FED. R. CIV. P. 42(a) these cases will

be consolidated. All future filings in both of these actions, Civil Action Number 1:07-cv-18 and Civil Action Number 1:07-cv-45, shall be filed in Civil Action Number 1:07-cv-18.

The Clerk will be **DIRECTED** to **CONSOLIDATE** these cases, file this document in both cases, and send the parties involved in these cases copies of this order and all relevant documents.

Although it appears that Williams has now filed a complete *in forma pauperis* application, his § 1983 complaint remains incomplete. The Clerk mailed Williams a five-page complaint but he failed to complete all five pages and return them. Specifically, Williams failed to sign the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to send Williams the fifth page of a § 1983 complaint. Williams **SHALL** complete and file page five of the complaint. Williams **SHALL** sign the complaint on page five under penalty of perjury.

Williams is hereby **NOTIFIED** that if he fails to complete and return page five of the complaint within **twenty (20) days** from the date of this Order, the Court will dismiss this case for failure to follow the Court's Orders and failure to prosecute. If the case is dismissed under these circumstances Williams is notified the case will not be reinstated to the district court's docket despite the subsequent signing of the complaint

Williams is further **ORDERED** to inform the Court, and the defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

An appropriate order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**