UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DARRELL C. WILLIAMS, | ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | No.   1:07-cv-18/1:07-cv-45 *Chief Judge Curtis L. Collier* |
| TYRONE RANSOM | ) ) | |
| *Defendant*. | ) | |

## **MEMORANDUM**

The court is in receipt of a *pro se* civil rights complaint filed by Darrell C. Williams ("Williams") pursuant to 42 U.S.C. § 1983. On March 14, 2007, the Court entered a Memorandum and Order consolidating Williams' two cases, Civil Action No. 1:07-cv-18 and Civil Action No. 1:07-cv-45, and directing Williams to sign his complaint and return the signature page for filing (Court File No. 6 & 7).[1] A copy of the Order was mailed to Williams at his address of record, the Hamilton County Jail, on March 14, 2007. The document was returned to the District Court Clerk as undeliverable on March 26, 2007.

Consequently, Williams' mail was returned and he has not notified the Court of a current address; thus, he will be unable to timely respond to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with plaintiff and the Court's interest in managing the

---

[1] This action, Civil Action No. 1:07-cv-18, was consolidated with Civil Action No. 1:07-cv-45. All future filings are to be filed in Civil Action No. 1:07-cv-18. The Court observes that an Order entered in Civil Action 1:07-cv-45 on February 28, 2007, was returned as undeliverable on March 9, 2007. Therefore, at least as of March 9, 2007, plaintiff had changed his address and failed to notify the Court.

docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Williams's failure to notify the Court of his current address.

Petitioner has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Williams due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.[2]

Therefore, this action will be **DISMISSED** for Williams's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] In the Deficiency Order entered on January 23, 2007, the Court included a sentence warning plaintiff that his complaint would be dismissed if he failed to provide the Court with an updated address within ten days following any change of address (Court File No. 2), which the docket activity report reflects was executed on January 26, 2007 (Court File No. 3). The Court also included such a sentence in its March 14, 2007 Memorandum and Order (Court File Nos. 6 & 7). Plaintiff, however, never received the March 14, 2007 Memorandum and Order containing this warning because he has not kept his address current with the Court. Thus, the Court has attempted to warn plaintiff regarding this particular conduct, and plaintiff apparently received one of the warnings but not the second warning precisely because of this particular conduct, *i.e.* failing to notify the Court of his change of address.